## DISTRICT TUBERCULOSIS HOSPITALS.

Common Pleas Court of Darke County.

THE STATE OF OHIO, ON RELATION OF J. F. MAHER, PROSECUTING ATTORNEY, v. N. D. SIPPEL ET AL.

Decided, July 14, 1911.

*Constitutional Law—Provision for Tuberculosis Hospital Districts within the Police Power—But Unequal Allotment of Taxes Renders Act Invalid—Actions by Prosecuting Attorneys to Enjoin Misapplication of Funds—Sections 2921 and 3148 et seq. and Article X, Section —— of the State Constitution.*

1. A prosecuting attorney is empowered to bring an action to enjoin a contemplated misappropriation of a county fund, notwithstanding the fund in question is derived in part from taxes levied in other counties.

2. A district tuberculosis act is within the police power of the state, and such an act will be sustained by the courts unless some clear abuse of discretion is embodied in its provisions.

3. But the district tuberculosis act of 1909 (Section 3148, *et seq.*, General Code), violates the constitutional provision that the county commissioners shall determine the necessity and fix the amount of taxes to be levied, in that it makes the hospital trustees a body superior to the county commissioners who act merely as ministerial officers in so far as the levy of taxes for tuberculosis hospital purposes is concerned.

4. Moreover a taxing district having been created by law, it is not within the power of the Legislature to provide for an unequal allotment of taxes within the district by dividing the hospital expenses among the counties composing the district in proportion to the number of patients received from each county for treatment, with a credit to

each county of the amount received from pay patients received therefrom.

. *D. W. Bowman, O. R. Krickenberger, John F. Maher* and *L. H. Shipman,* for plaintiff.

*A. B. Campbell, W. H. Gilbert, Martin B. Trainor* and *J. M. Bickel,* contra.

KYLE, J.

John F. Maher, as prosecuting attorney of Darke county, brings this action against the county commissioners of Darke and Miami counties, and the trustees of the tuberculosis hospital district consisting of said counties.

The plaintiff seeks in his first cause of action to restrain said defendants from proceeding to erect buildings upon the tuberculosis site heretofore purchased and to furnish and equip the same for a district hospital and provide for its superintendent and employes, etc.

For a second cause of action the plaintiff in effect avers that the buildings proposed are so much larger than necessary that to permit them to proceed would be an abuse of the discretion vested in the defendants.

A temporary restraining order was allowed as prayed for in the petition. The defendants filed their motion to dissolve such restraining order, and this case is submitted upon the motion to dissolve.

The case was elaborately argued, and well prepared briefs were submitted covering every phase of the questions presented.

The right of the prosecutor to bring this action is challenged for the reason that the district includes Miami county and the prosecutor of Miami county did not join in this action.

Section 2921 authorizes the prosecuting attorney to commence an action to restrain the contemplated misappropriation of funds or the completion of illegal contracts, and if the contention of the plaintiff is true that the provision for the district hospital is unconstitutional he would have the right to commence and prosecute this action.

The claim is also made that the Legislature had no right to enact laws respecting tuberculosis; that, in a sense, it became

class legislation. This law, if it is valid, is a police regulation. The Legislature is the judge of the mischief and the remedy for tuberculosis. It has power to determine what is necessary for the protection of the public. And unless there has been a clear abuse of their discretion courts can not interfere. There is no abuse of discretion in this case if the Legislature had power. 77 O. S., 217, *Philips* v. *State.*

The intention of the Legislature was to make provision for the segregation of tuberculosis patients, and it provided three methods:

First. Constructing separate places or apartments for those inmates of the county infirmary who may be affected.

Second. The county commissioners may send patients who are a public charge to some other county which has a hospital for that purpose.

Third. Two or more counties, not to exceed five, may unite and form a tuberculosis district and proceed in the manner the defendants are attempting to proceed in this case.

The principal question presented on the motion to dissolve the temporary restraining order is whether or not the defendants have the right under the Constitution to proceed under this third provision, namely: to construct, operate and maintain a tuberculosis hospital in a district composed of two or more counties. In pursuance of the provisions of the act the commissioners of Miami and Darke counties organized as a tuberculosis district, and chose two trustees, one from each county, who are to act until their successors are duly appointed and qualified.

The two trustees, defendants, by the act are authorized to prepare plans and specifications, and proceed to erect and furnish the necessary buildings for a district hospital. They are to fix the compensation for the medical superintendent and other employes and shall serve without compensation. In the operation of the hospital the trustees are to report annually their expenditures and shall certify the amount necessary to maintain and improve the hospital for the next ensuing year. The board of commissioners of the respective counties shall make annual assessments of taxes sufficient to support and defray all necessary expenses of such hospital. The money levied and raised by

taxes for that purpose shall be turned over for the use of the board of trustees by the commissioners of the respective counties.

Since the law provides that there shall be one trustee from each county composing the district, it is contended that such trustees are county officers. These trustees in the management and operation of the hospital do not act for several counties independent of each other, but they constitute a board which acts equally for the benefit of the entire district. A county officer is one whose duties, in the ordinary acceptance of the term, involve obligations to the particular county which he represents, independent of all other counties. But in this case the trustees act for the district. The fact or place of residence of the several trustees in no way affects their powers or duties as a board. It would be presumptuous to assume that the judgment of the several trustees would be influenced or prejudiced against what would be for the interests and necessities of the district as a whole by reason of their place of residence. The trustees are chosen by the joint board. The counties, as such, have nothing to do with their selection. The trustees are not, within the meaning of the law, several county officers acting as such, but are trustees of a district composed of more than one county.

The Legislature has power to create a taxing district. It is within its province to authorize counties, by their own act, to constitute themselves under the provisions of this act into districts with the right of taxation in that district for the purposes intended, if the act were otherwise constitutional. 37 O. S., 35, *Bowles* v. *State;* 47 O. S., 245, *Carlisle* v. *Hetherington;* 48 O. S., 251, *Railroad* v. *Commissioners.*

It is also urged that the trustees are the agents simply of the respective county commissioners in the creation, management and operation of the tuberculosis hospital district; that the acts of the trustees are the acts of the commissioners and are wholly within their power and control.

The determination of the necessity for the building and the amount needed for their operation is vested in the trustees

The commissioners have no power or control over such determination. Their right, under the statute, upon written charges being filed, after a hearing, is that of removal. The fact of removal would not invalidate any prior act of the trustees.

While the statute provides that the commissioners of the several counties shall make the annual assessment of taxes to support and defray all necessary expenses of such hospital, yet the determination of that necessity is left with the board of trustees. If it were otherwise there could be no uniformity in the determination of the amount necessary if the respective counties could act in the determination of such necessities independently of each other.

The whole scheme of the law seems to be, to give it effect, that the trustees shall determine the necessity and the amount necessary, and it is mandatory upon the commissioners of the counties, constituting the district, to make the levy and assessment upon the basis of such amount so determined by the trustees. And if it is mandatory upon the commissioners to carry out the judgment and determination of the trustees, then, in fact and in law, it places in the hands of this board of trustees, so appointed by the commissioners, the right of fixing and levying taxes. The result is that the board of trustees, the creature of the joint board of county commissioners, supersedes them in the right to fix and assess taxes. The trustees being appointive officers have not that power under the Constitution.

The attempt of the law to provide that the county commissioners in the respective counties shall, in fact, make the levy, constitutes them simply the agent or means to provide the funds at the dictation of the trustees. In such act of assessment under the provisions of this act it is simply ministerial on their part, and does not come within the provisions of the Constitution that they shall have the right, not only to fix, but to determine the amount for which taxes might be levied.

It seems to me, under the law, that the provisions of this act for the trustees to determine the necessity and fix the amount needed, which the commissioners must provide, without any right on their part to determine such necessity, are unconstitutional and conflict with Article VII, Section 10.

There is a further provision under Section 3152 that each county in the district shall pay its share of such costs as determined by the number of days, the total number of patients from such county have spent in the hospital during the quarter, and the sum paid by patients from such county for their treatment therein shall be deducted from this amount. In other words the hospital must be maintained by taxation from the respective counties in proportion to the number of patients from such county.

The district having been created by law it is not within the power of the Legislature to provide for an inequal assessment of taxes within the district.

"Taxing by uniform rule requires uniformity, not only in the *rate* of taxation, but also uniformity in the *mode* of the assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation; and this equality of burden can not exist without uniformity in the mode of the assessment, as well as in the rate of taxation. But this is not all. The uniformity must be co-extensive with the territory to which it applies." 3 O. S., 15, *Exchange Bank of Columbus* v. *Hines.*

Under the provisions of this act, if one of the counties furnished all the patients and the other none, such county furnishing the patients would have to pay for the maintenance of the hospital. It provides also that the county from which patients come may be allowed credit for the amount paid by such pay patients. If the provision could be made for credit for pay patients from one county there would be no reason, in principle. why it could not be provided that the particular city or township should be allowed credit for the amount paid by any pay patient from such city or township within the county. Such provision would make the rate unequal so far as it would be applied and in contravention of the Constitution.

In coming to the foregoing conclusions I am not unmindful of the benevolent and beneficent purposes intended by this law, yet, it seems to me, under a proper construction of the law the proposed acts of these trustees and commissioners under the terms of this law are unconstitutional and unauthorized, and the motion to dissolve the restraining order shold be overruled.